### Clark et al. Drainage Comr's v. Strong et al.

[81 South. 643, Division A, No. 20726.]

1. DRAINS. *Establishment of district. Orders appealable. Commissioner's report.*

Where drainage commissioners make their report in accordance with Code 1906, section 1693 (Hemingway's Code, section 4273), an order by the chancery court that such report be referred back to the commissioners, with directions to employ a competent engineer to make a survey of the drainage district is not appealable, since no appeal from such an order is provided for under sections 1682-1727, Code 1906 (Hemingway's Code, sections 4261-4487) under which the drainage district was established.

2. SAME.

Orders and decrees made in the process of the creation of a drainage district are not within the general statutes regulating appeals from the chancery court.

APPEAL from the chancery court of Noxubee county. HON. A. Y. WOODWARD, Chancellor.

Proceeding to establish a drainage district. From an order that the drainage commissioners' report, to which objections were filed by Charles Strong and others, be referred back to the commissioners, the drainage commissioners appeal.

The facts are fully stated in the opinion of the court.

*Robert B. Mayes,* for appellant.

The solitary feature which is presented to the court for decision is the question of whether or not the chancellor has the power, under section 1692 of the Code of 1906 to require drainage commissioners to employ an engineer when, in their judgment, the employment is unnecessary. This is the only question involved in this suit. It will be borne in mind that the

report of the commissioners is adverse to the creation of the district and they deem it unnecessary to employ an engineer, and contend that under section 1692, the law gives them the discretion to employ or to refuse to employ an engineer when, in their judgment, they deem it best, and that this is a discretion that cannot be controlled by any court. The employment of an engineer to make a survey is highly expensive, and it was for this reason, we take it and because it was not necessary in the judgment of the commissioners, that they failed and refused to employ an engineer.

Now, section 35 of the Code provides that: "An appeal may be granted by the chancellor . . . from any interlocutory order or decree . . . when he may think proper, in order to settle the principles of the cause, or to avoid expense and delay."

The court will note from this section that it provides that an appeal may be prosecuted from any interlocutory order or decree, when the principles of the case are to be settled, or when expense and delay may be avoided.

The court will observe that section 1692 of the Code of 1906 provides that the "commissioners are authorized and empowered to employ an engineer," etc. This section of the Code does not say that the commissioners shall employ one, nor does it authorize the chancery court to require this to be done, but it leaves discretionary with the commissioners, when in their judgment, such course is deemed necessary. Now, the decree of the chancellor in this case contains nothing except a direction requiring the commissioners to employ an engineer and requiring them to make further report after the engineer has made a survey of the land. This is the question which this court is called upon to decide; that is to say, whether the chancellor has this power and it was in order to settle this principle that this appeal was prosecuted.

Our contention is that this appeal should not be dismissed because it falls under the provision, of section 35 of the Code of 1906, and is both necessary to settle the principles of the case and, to save expense and delay, and the chancellor, from his decisions, evidently thought so, too.

On pages seven and eight of the counsel's brief, they seem to make statements which show that they wholly misconceive the purpose of the chancellor in allowing this appeal and our purpose in asking for it. Counsel have cited a multitudious list of decisions, all of which will be found in the annotations to section 35 in Hemingway's Code. It would be troublesome to the court for us to take up and analyze each of the decisions which counsel have cited in support of this motion and we think unprofitable to both us and the court.

Every appeal to settle the principles of a case must be determined upon its own merits and this is practically what the court has said in a case to which we shall call attention further along in this brief, and which constitutes our answer to all of the array of authorities cited by counsel, most of which show on their face that they are different cases, and decided on different facts from the one which the court is now considering. Counsel state on page seven showing, as we contend, that they misconceived the purpose of the appeal; "What more was determined in this case than the insufficiency of a report, we fail to perceive, and in this case it was held expressly that appeal did not lie from a decree sustaining or overruling an exception for insufficiency. Necessarily, the same law would apply with reference to a report. The sufficiency of the report could not in any aspect be determinative of a principle of the cause." (The case referred to is found in 79 Miss. 402.) On page eight of their brief, counsel state: "Here the sole question involved is not a principle of the cause, but whether or not the report

of the commissioners was sufficient or insufficient, etc.''

This is not the question involved in the case at all, and it is not the question which we are seeking to have the court settle. The question in the case is whether or not under section 1692 of the Code, over the protest of the drainage commissioners, can the chancellor command them in a decree to employ an engineer? This is not the time to take up for a discussion of this question but we merely state to the court that this is the question which this case presents to the court, and the only question.

The only case which really applies on this motion is the very recent one of *Y. & M. V. R. R. Co.* v. *James,* 67 So. 153. The court very pointedly says in this case that an appeal is allowable under section 35 of the Code when: ''The only question to be determined is whether or not the appeal will settle the principles of the particular cause, so that the court below may thereafter have a definite guide which it must follow in the trial thereof. If a decision of the questions raised on appeal will result in settling the principles of the cause, it will be retained and heard; otherwise, it will be dismissed.'' *Clay Co.* v. *Chickasaw Co.,* 63 Miss. 289. The court further says that: ''The object of the statute being to settle the law of the particular cause, *Bierce* v. *Grant,* 91 Miss. 791, seem to be in conflict herewith, and if so, it is hereby overruled.''

The particular cause to be settled in this case is, can the court require the appointment of an engineer?

Now, counsel cite the case of *Bierce* v. *Grant, supra,* in aid of their contention, when the case stands overruled by the court in the case referred to above. Counsel also cite the case of *Chickasaw County,* 63 Miss. 290, which is cited in the Jones Cases with approval, and which is clearly an authority in our favor. The Chickasaw county case holds that the appeal should be allowed: ''When the principles of the cause are so in-

volved in the ruling made by the chancellor that it will be a gain to all to have them properly passed upon by the appellate court, or when an appeal will avoid expense and delay.'' It seems clear to us that this motion should be overruled.

Counsel contend that the judiciary has no authority as to precedent steps in the organization of corporations under legislative authority, and cite the case of *City of Jackson* v. *Whiting,* 84 Miss. 180. When the court examines this case, we think it will find that it is no sort of authority on any proposition involved here. The city of Jackson undertook to pass an ordinance increasing the city limits. Certain parties being dissatisfied with this order, appealed therefrom to the circuit court of the county and thence to the supreme court of the state. The supreme court sustained the right of appeal from the ordinance. Just in what way this authority can be influential in or bear upon the question involved in this motion, we confess we cannot see.

Counsel cite also the case of *Drainage District* v. *Napenee Plantation Co.,* 78 So. 709. The case arose under chapters 196 and 270 of the Laws of 1914, and was an attempt on the part of the drainage district to prosecute an appeal from the chancellor creating the district. The Laws of 1912, as amended by chapter 270 of the Laws of 1914, page 253, allowed appeals in drainage districts organized under these laws only to any landowner, etc., and the court held that an appeal by the drainage district could not be prosecuted. But this was under peculiar provisions of that statute. It is further contended by counsel that this motion should be sustained because they do not have the right to appeal without bond. In answer to this contention, we need only state that by the very section of the Code 4282, (Hemingway's), which they cite, it is stated that ''a drainage district is a public corporation of this

state,'' etc., and of course they have a right to submit this appeal without *supersedeas* bond.

We respectfully insist that this motion be overruled.

*Green & Green,* for appellee.

The sole authority for this appeal is to be found in section 10, Hemingway's Code, wherein it is provided: ''An appeal may be granted by the chancellor . . . from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or where he may think proper in order to settle the principles of a case, or to avoid expense and delay.'' This section has been a part of our jurisprudence for many years, and has been the subject or repeated adjudications by this court.

In *Clay County* v. *Chickasaw County,* 63 Miss. 290, there was an appeal granted by the chancellor from a decree wherein there had been exceptions to an answer for insufficiency or impertinence and CAMPBELL, J., who was the author of the Code of 1880 containing this provision, there said:

''Section 2311 contemplates an appeal only in cases mentioned, specifically, or when the principles of the cause are so involved in the ruling made by the chancellor that it will be a gain to all to have them promptly passed upon by the appellate court, or where an appeal will avoid expense and delay. An appeal should not be granted except in such case, and we will guard the statute against abuse in this respect by dismissing the appeal if we can see that the principles of the cause are not involved, and that the appeal increases expense and delay instead of avoiding them.'' *Ward* v. *Whitfield,* 64 Miss. 761.

In the instant case there is no difficulty with the law, all of which has been written in the plainest terms by the legislature. The question is, whether or not the

commissioners shall make another report, and the chancellor, under power vested has held that the report made is not adequate; so holding upon a question of fact could not in any way determine any principle of the cause.

In 79 Miss. 402, exceptions were taken to the sufficiency of an answer, and Justice Calhoon held that: "We dismiss this appeal of our own motion. It does not fall within the purview of section 34, Code of 1892, on appeals from interlocutory orders. *Board of Supr's of Clay County* v. *Board of Supr's of Chickasaw County*, 63 Miss. 289." *Water Works* v. *Vicksburg*, 79 Miss. 510.

Now these adjudications have been made with reference to the Code of 1880 and the Code of 1892, and with these judicial interpretations were brought forward into the Code of 1906, and as thus construed, constitute part and parcel of the law as thereunder enacted by the legislature at that date. *Shotwell* v. *Covington*, 69 Miss. 735; *Weathersby* v. *Rutz*, 72 Miss. 355; *Hoy* v. *Hoy*, 93 Miss. 732; *White* v. *R. R. Co.*, 55 So., 593; See, also, *Bierce* v. *Grant*, 91 Miss. 795; *Alexander* v. *Woods*, 60 So. 1018.

It may be replied that *Yazoo, etc. R. R. Co.* v. *James*, 67 So. is *contra*, but we respectfully insist that such is not the case. That opinion quotes to approve *Ward* v. *Whitfield* and *Clay County* v. *Chickasaw County, supra*, and declares: "The only question to be determined is whether or not an appeal will settle the principles of the particular cause, so that the court below may thereafter have a definite guide which it must follow in the trial thereof. If a decision of the questions raised on the appeal will result in settling the principles of the cause, it will be retained and heard; otherwise, it will be dismissed."

Here the sole question involved is not a principal of the cause, but whether or not the report of the commissioners was sufficient or insufficient to enable the

chancellor to pass on that which the statute made it his duty to pass upon, and decide.

Under the repeated decisions, therefore, of this court we insist that this appeal was improvidently granted, and must on this ground be dismissed. *Brown* v. *Saw Mill. Co.*, 81 So. 127.

SMITH, C. J., delivered the opinion of the court.

This is an appeal, to settle the principles of the case, from an order entered by the court below in a proceeding to establish a drainage district under the provisions of chapter 39, Code of 1906 (chapter 99, Hemingway's Code). The drainage commissioners made their report in accordance with section 1693, Code of 1906 (section 4273, Hemingway's Code), and upon objections thereto being filed it was ordered that: "Said report of said drainage commissioners be referred back to them, and that they be required to employ a competent engineer to make a survey of said above-described proposed drainage district, and that the data as thus obtained be brought again into court for hearing."

The statute under which the district is being formed does not provide for the appeal here attempted to be taken, and the orders and decrees made in the process of the creation of a drainage district were not within the general statutes regulating appeals from the chancery court. *Drainage District* v. *Napenee Plantation Co.*, 118 Miss. 493, 78 So. 709.

The motion of the appellee to dismiss the appeal will be sustained.

*Sustained.*