RICHARDSON et al. v. BOARD OF SUP'RS OF NESHOBA COUNTY.

[91 South. 565. No. 22470.]

1. DRAINS. *Drainage act makes no provision for appeal from order of board of supervisors removing drainage commissioners from office.*

There is no provision in the Drainage Act (chapter 195, Laws of 1912, as amended by chapter 269, Laws of 1914; Hemingway's Code, section 4434, et seq.), which either expressly or by implication authorizes an appeal from an order of the board of supervisors removing from their offices the drainage commissioners provided for by said act.

2. DRAINS. *No appeal lies from order removing drainage district commissioners, inasmuch as it is not authorized by Drainage Act.*

The Drainage Act (chapter 195, Laws of 1912, as amended by chapter 269, Laws of 1914; Hemingway's Code, section 4434 et seq.), deals with the entire subject of appeals from the judgments and orders of boards of supervisors and decrees of chancery courts made in the administration of said drainage statute, and in doing so the right of appeal under the general law from such judgments, orders, and decrees is necessarily excluded, and therefore there is no appeal from an order of the board of supervisors removing from office commissioners of a drainage district formed under such statute.

APPEAL from circuit court of Neshoba county.

HON. J. R. EAST, Judge.

Petition by owners of land in the Neshoba Drainage District to the board of supervisors of the district for removal of J. N. Richardson and others as drainage commissioners of the district. Order of board of supervisors granting the petition was affirmed by the circuit court, and the commissioners appeal. Affirmed.

*Wilson & Dees* and *C. E. Johnson*, for appellant.

The learned court below erred in sustaining the action of the board of supervisors in entering the orders in this

matter entered on its minutes purporting to remove the original commissioners who are appellants without cause or notice of any kind, and naming other commissioners without cause or hearing, and in the absence of knowledge by the original commissioners, and in refusing the hearing asked by the original commissioners prayed.

The removal attempted was without authority of law for the commissioners were officers with fixed terms of office by provision of the legislature in the act they were appointed under, section 4, chapter 269, Laws of Mississippi, 1914, and they perform public duties as commissioners, and receive compensation for same. 36 Miss. 273, 80 Miss. 803 (31 So. 901), 82 Miss. 36 (34 So. 81), 44 So. 989.

Where the term of office is fixed by law, an officer is not removable at pleasure of the appointing power. The legislature having fixed the term, the board could not remove except as authorized, and in section 13, of chapter 195, Laws of 1912, the board was granted power of removal, but only upon proof of incompetency or neglect of duty." See 22 R. C. L., pages 574 and 575, section 286.

Our own court in 1908, in the case of *Yerger* v. *State ex rel. Brown,* 91 Miss. 802, 45 So. 849, quoted *Hallgren* v. *Campbell,* 82 Mich. 255, 46 N. W. 381, 9 L. R. A. 410, 21 American S. R. 557, with approval referring specifically to this language of said case: "We have not found any case where an officer who was appointed for a fixed term and when the power of removal was not expressly declared by law to be discretionary, where it has been held that an officer is removable, except for cause and wherever cause must be assigned for removal of the officer, he is entitled to notice and a chance to defend." The court cited other cases to the same effect.

They then hold in the said Yerger case that an officer whose term is fixed must have notice and hearing, saying he can only be dismissed for cause and after a hearing. Now in view of the provision of the law governing this drainage district involved in this case, that cause must be

shown, and that it fixes the term of the commissioners, and is silent about notice in section 4, relied on by appellees, it appears certain that notice should not be dispensed with. Under the law, it cannot legally be dispensed with, and that therefore the court below erred in sustaining and affirming the action of the board of supervisors of Neshoba county, in removing J. N. Richardson et al., Commissioners, from their offices.

For the above reasons, this court, we think, should give them the relief they ask here. We therefore earnestly insist that the cause should be reversed and remanded.

*Byrd & Byrd,* for appellees.

The circuit court had no right or authority to entertain an appeal in this case because the statute under which they acted, which is section 1442, Hemingway's Code, grants no appeal. It just simply says: "The board of supervisors shall remove any member of the board of commissioners on .the petition of the majority of the owners of land in the district who shall also own a majority of the acreage therein." And no appeal is provided from the action of the board of supervisors in this section. It is different, however, in another section which provides that any member of the board of commissioners may be removed for cause, but the section under which the board acted in this instance is silent as to an appeal, and, therefore, we contend, no appeal lies and therefore the case should be dismissed. *Clark et al. v. Strong et al.,* 81 So. 643.

The circuit court had no jurisdiction of this cause because if an appeal will lie at all in the case it was not taken as the law prescribes. Section 4486, Hemingway's Code, provides that: "Wherever an appeal is allowed to be prosecuted under this act, the same shall be taken within the time fixed by this act,·and if the appeal be from an order of the board of supervisors same shall be perfected in the same manner as an appeal from the order of the board of supervisors, approving tax assessments. . . ."

Section 61, Hemingway's Code, which is the section authorizing appeals from assessment of taxes by the board of supervisors, provides that the clerk of the board of supervisors shall make a true copy of any papers on file relating to such controversy, and file such copy, certified by him, with said bond, in the office of the clerk of the circuit court, on or before the next term; and the controversy shall be tried anew in the circuit court at the first term." This case was taken up to the circuit court by bill of exceptions and was not taken up to the next term of the court, as provided by the statute, but to the succeeding term thereafter, and the record was not certified to by the clerk as required by the statute. In fact and in truth the clerk made no certificate of any kind to the correctness of the record in any particular. Our friends, the enemy, want to have this case decided on the section of the law that provides that any drainage commissioner can be removed for cause. The petition and all of the papers in this case show that this suit was brought under section 4442, Hemingway's Code, and not under the section 4457, Hemingway's Code, under which our friends try to place the case. Both of these sections being a part of chapter 195 of the Laws of 1912, as amended by chapter 269 of the Laws of 1914, under which the Neshoba drainage district was created, and is now operating. But even if the action is based on section 4457, Hemingway's Code, as our friends contend, yet they are out of court because the appeal was not taken in the proper manner. That section does not allow an appeal by bill of exceptions but appeals under the section are governed by section 4486, Hemingway's Code.

Our contention is that for the foregoing reasons the circuit court had no jurisdiction to entertain this cause and if the circuit court had no jurisdiction to entertain the cause, then this court has no jurisdiction and the case should be dismissed or affirmed by this court. Dismissal or affirmance by this court would have the same effect.

ANDERSON, J., delivered the opinion of the court.

This is an appeal by J. N. Richardson, O. R. Bankston, and J. D. Majure from a judgment of the circuit court of Neshoba county, affirming a judgment of the board of su-. pervisors of that county, removing them as drainage commissioners of the Neshoba drainage district. The Neshoba drainage district was organized under chapter 195, Laws of 1912, as amended by chapter 269, Laws of 1914 (Hemingway's Code, section 4434 et seq.). As provided in that statute the appellants were appointed commissioners for said drainage district, and qualified and entered upon their duties as such. Before expiration of their terms of office as fixed by statute a majority of the owners of land in said district who owned a majority of acreage therein petitioned the board of supervisors under section 4 of said drainage act (Hemingway's Code, section 4442) to remove appellants from office. Whereupon the board of supervisors, the appellee, made an order granting the prayer of said petition, from which order appellants prosecuted an appeal to the circuit court on a bill of exceptions under section 80, Code of 1906 (section 60, Hemingway's Code). The case was tried in the circuit court, and the judgment of the board of supervisors affirmed.

Appellee contends that the judgment of the circuit court should be affirmed because under the law appellants are given no right of appeal from the order of the board of supervisors removing them from office.

Section 3 of said Drainage Act (Hemingway's Code, section 4439), provides for an appeal by any landowner in the district from the judgment establishing the district. Section 8 (Hemingway's Code, section 4449) gives any aggrieved landowner in the district an appeal from the judgment in eminent domain proceedings condemning his lands for the use of such district. Section 9 (Hemingway's Code, section 4450) gives any landowner in the district an appeal from the judgment assessing benefits against his land. Section 28 (Hemingway's Code, section 4475) provides

that no appeal given by the statute shall be allowed to delay the organization of the district, or the progress of the work of improvement therein; and section 19 (Hemingway's Code, section 4486) provides in substance that whenever an appeal is allowed to be prosecuted under the act it shall be taken within the time fixed by the act itself, and, if an appeal from the board of supervisors, it shall be taken in the same manner as appeals from orders of the board of supervisors approving tax assessments; and, if an appeal from a decree of the chancery court, such appeal shall be prosecuted in like manner as is provided for the prosecution of other appeals from said county, but must be taken within the time prescribed by the Drainage Act.

There is no provision in the act which either expressly or by implication authorizes an appeal from an order of the board of supervisors removing from their office the drainage commissioners of the district. Recognizing that to be true, appellants undertook to prosecute their appeal under section 80, Code of 1906 (Hemingway's Code, section 60); the general statute allowing appeals on bills of exceptions, by persons aggrieved, from orders and judgments of boards of supervisors and municipal authorities.

In the case of *Clark et al., Drainage Commissioners,* v. *Strong,* 120 Miss. 95, 81 So. 643, the drainage commissioners made a report to the chancery court in accordance with section 1693, Code of 1906, another drainage act (section 4273, Hemingway's Code), which court ordered that such report be referred back to said commissioners, with directions to employ an engineer to make a survey of the district. From this order some of the landowners of the district appealed. This court held that there was no right of appeal from such an order; that the statute under which the drainage district in question was organized did not provide for an appeal from that character of order, or from any other order or decree made in the process of the creation of the drainage district; and that such an order was not within the general statutes regulating appeals

from the chancery court to the supreme court. That case is in point here at least by analogy, although the Drainage Act involved in that case was another and a different drainage scheme from that under consideration here. This act undertakes to provide specifically what orders and judgments of the boards of supervisors, and what decrees of the chancery court are appealable. The statute is complete within itself in that respect. The legislature in naming in the statute the character of orders, judgments, and decrees of boards of supervisors and chancery courts, from which appeals would be allowed, excludes the right of appeal from any other character of order, judgment, or decree. If it were true that any landowner in a drainage district aggrieved by an order or decree of the board of supervisors or chancery court could appeal therefrom under the general statute (section 80, Code of 1906; Hemingway's Code, section 60), the result might be, on account of the delay, that the whole scheme of the Drainage Act would be frustrated.

*Affirmed.*