SABOUGLA CREEK DRAINAGE DIST. NO. 2 *v.* PROVINE *et al.*

[94 South. 889. No. 23192.]

1. EMINENT DOMAIN. *No right of appeal from order of chancellor remanding proceeding to commissioners of district for appraisement of damages for lands taken and damaged.*

Under Laws 1912, chapter 195, as amended by Laws 1914, chapter 269 (Hemingway's Code, section 4434 et seq.), relative to drainage districts, no appeal lies from an order of the chancellor remanding a proceeding to the commissioners of the district to appraise the damages for lands taken and damaged by construction of improvements, as there is no provision for appeal therefrom in such acts, and the right of appeal must be expressly given.

2. DRAINS. *Right of appeal in administration of drainage statute exclusive of rights given by other statutes.*

The rights of appeal provided in Laws 1912, chapter 195, as amended by Laws 1914, chapter 269 (Hemingway's Code, section 4434 et seq.), as to the judgments and orders of boards of supervisors and decrees of chancery courts in the administration of drainage statute, are given by other statutes.

APPEAL from chancery court of Calhoun county.

HON. J. G. McGOWAN, Chancellor.

Proceeding between Sabougla Creek Drainage District No. 2 and R. N. Provine and others. From an order remanding the case to the commissioners of the drainage district, the district appeals. On motion to dismiss appeal. Motion sustained, and appeal dismissed.

*W. J. Evans* and *Stone & Stone,* for appellants.

We claim a right to appeal under sections 7 & 8 of chapter 269 of the Laws of 1914, and also section 35 of Code 1906 (Sec. 10, Hemingway's Code). See also *Jones* v. *Belgona Drainage District,* 59 So. 921; *James* v. *Y. & M. V. R. R. Co.,* 67 So. 152; 19 Corpus J., page 706, sec. 199; *Collins* v. *Pottawattamie County,* 158 Iowa, 322.

The appellees certainly relied on the general law in asking the chancellor to assess their damages because the statute in question gave them no such right, hence we think they would now be estopped from claiming that we had no right to appeal from an order based upon the petition filed by them under the general law and we think this was the view of the case taken by the chancellor when he granted us an appeal to settle the principle of the cause.

We further contend that when the statute gives a right to appeal from a final decree on the principal or main cause of action, then the chancellor can, in his discretion, grant an appeal under section 35, Code 1906, from interlocutory decrees growing out of the principal cause of action. See *James* v. *Y. & M. V. R. R. Co.*, 67 'So. 152.

This is certainly a typical case for an appeal to be granted under section 35, for in so doing it would likely be quite a saving of time and would certainly save a large amount of cost and reduce the amount of litigation.

*H. H. Creekmore*, for appellee.

Chapter 195 of the Laws of 1912, under which the Sabougla Creek Drainage District No. 2 was organized, makes no provision for an appeal from an order of this character. *Richardson* v. *Board of Supervisors of Neshoba County*, 91 So. 565.

Other cases where the same principle was announced by this court are: *Clark et al.* v. *Strong*, 120 Miss. 95; 81 So. 643; *Bogue Hasty Drainage District* v. *Napanee Plantation Company*, 118 Miss. 493, 78 So. 709. The decree appealed from in this case in effect is the same as in the case of *Clark et al.* v. *Strong*, 120 Miss. 95. And in that it decides no principle, does not hurt the appellants, and cannot be appealed from, it is in effect the same as the judgment in the case of *Perkins* v. *Thompson*, 90 So. 710.

Since neither the drainage law nor the general law provide for an appeal from a decree of this nature, and the decree being simply one to furnish the chancellor ad-

ditional information to reach a decision which may be favorable to the appellants and may be favorable to the appellees when made, we respectfully insist that the appeal should be dismissed.

SYKES, P. J., delivered the opinion of the court.

From an order of the chancellor remanding to the commissioners of the appellant drainage district to appraise the damages of landowners for lands taken and damaged by the construction of the contemplated improvements, this appeal is here prosecuted. In this order of the chancellor an appeal by the drainage district was prayed, and by the chancellor granted to settle the principles of the cause.

The appellees in this court have made a motion to dismiss the appeal because such an appeal is not contemplated by the drainage acts under which this district is operated. It seems that the district was organized originally under chapter 195, Laws of 1912, and is governed by this act as amended by chapter 269, Laws of 1914 (Hemingway's Code, 4434 et seq.). This motion must be sustained and the cause dismissed, for the reason that nowhere in these drainage acts above mentioned is there any provision for appeal from an order of this kind. The right of appeal from orders and decrees of either the chancellor or the board of supervisors in controversies governed by these statutes must be expressly provided for in them. The rights of appeal therein provided are exclusive of all other rights generally given by other statutes of the state. The authorities bearing upon this question are collated in the opinion of *Richardson* v. *Board of Supervisors of Neshoba County,* 128 Miss. 869, 91 So. 565.

*Motion sustained, and appeal dismissed.*