WILLIAMS *et al. v.* DOOLITTLE *et al.*

(Division B. Feb. 11, 1924.)

[98 So. 842. No. 23773.]

DRAINS. *Re-establishment of record in proceeding's creating drainage district held proper; "pending suit."*

Where a drainage district was created and commissioners appointed, surveys made, report filed, and assessments of benefits made and notice published that the roll of such assessed benefits was filed for all persons interested, and where certain landowners filed a petition for the assessments of damages resulting to them from the creation of the district, and where the chancellor decrees that said commissioners shall make the assessment of damages and grants an appeal to this court to settle the principles, but which appeal is dismissed and the records of proceedings, etc., are destroyed pending such appeal, the suit is a "pending suit," and the records are to be restored under section 2516, Hemingway's Code (section 3175, Code 1906), and not under section 2514, Hemingway's Code (section 3173, Code 1906), and where personal service of summons is had on the opposite parties litigant it is sufficient.

APPEAL from chancery court of Calhoun county.

HON. J. G. McGOWAN, Chancellor.

Petition by Earl Doolittle and others against J. R. Williams and others to reestablish the record creating the Sabougla Drainage District No. 2. From findings for petitioners, defendants appeal. Affirmed.

*Creekmore & Creekmore,* for appellants.

This is an appeal from a decree of the chancery court of Calhoun county entered the 9th day of June, 1923, sustaining a petition to substitute records destroyed by fire. The cause has been before this court before, being Cause No. 23,192, styled *Sabougla Drainage District No. 2* v. *R. N. Provine et al.* When before this court before the appeal was dismissed.

Section 2514 of Hemingway's Code (section 3173, Code of 1906), is the statute under which appellees proceeded. The petition to substitute is so fatally defective when measured by this statute that it cannot support a decree of substitution based thereon even if such decree had been taken without objection and as confessed. The statute requires that all persons having an interest in the record be made parties thereto, and that the date of the respective parts of the lost record be set out, and the interest of the parties therein must be disclosed. All this must be shown by the petition itself and it must be accompanied by a copy of the record sought to be reestablished in all material particulars.

The petition complies with none of these statutory requirements. This petition fails to name any person other than the three commissioners, as parties thereto, and does not show that any other persons have an interest in the record, nor does it disclose what the interest of any of the parties is. It is true that the petition says that the commissioner and also the other landowners in the district are interested in the restoration of the papers, but it wholly fails to show who are the other landowners, but seeks to avoid this statutory requirement by a statement that the "names of the landowners, etc." are disclosed by certain papers alleged to be attached.

The decree based on this petition is one on a petition to which no persons are made parties defendant and wherein none of the statutory requirements are complied with.

The petition prayed for according to law for all parties interested but did not name such parties nor did they get process according to law as provided by the statute just quoted. The process consists wholly of a summons in due form of law for the appellant's and a publication made two times, less than twenty-one days before the first day of court, and addressed to all persons owning land, etc. The process did not issue as in other cases,

and unknown and non-resident defendants were not made
parties by publication as in chancery.

A motion was made to quash this process and its
sufficiency was thereby challenged, and although there
was a total failure to comply with the plain statutory
requirements as to process, the court below overruled the
motion to quash. This was done by the court below not
because it was thought by him or contended by the ap-
pellees that they had complied with section 2514 of Hem-
ingway's Code, but on the theory that the requirements
of chapter 195 of the Laws of 1912, as to notice of dif-
ferent proceedings under that chapter, was controlling
on the petition to substitute the record.

It seems to us this court necessarily held in overruling
the motion to dismiss the appeal that section 2514 of
Hemingway's Code was controlling when petition was
filed to substitute the record and not the drainage act
under which the proceeding originally began. If the
record sought to be re-established by this proceeding is
considered as a pending suit then section 2516 of Hem-
ingway's Code (section 3175 of the Code of 1906), ap-
plies. This section differs from section 2314 only in that
the process may be returnable on any day of a term of
court and may be served on the attorney of the party
defendant to the petition.

The proceeding in which the record was sought to be
re-established is and was in some respects a pending
cause, but certain orders, which had been entered there-
in, were final judgments as much as if nothing further
was to be done in the cause in so far as the fixing of the
rights of parties is concerned.

We are not unmindful of the fact that all courts of
record have the inherent power to re-establish records
when lost or destroyed, but the statute having marked
out the method of such re-establishment such method
must be followed and is the exclusive way.

The applicable statutes have been construed by this
court in *Johnson, Revenue Agent,* v. *Ritchie Land, etc.,*

*Co. et al.,* 88 So. 634.   See, also, 15 C. J. 980, and note
85; *State* v. *Ireland,* 41 L. R. A. (U. S.) 1079 and note;
Ann. Cas. 1913E, 604; *Helm* v. *State,* 67 Miss. 562, 7 So.
487.; *McGuire* v. *State,* 78 Miss. 504, 25 So. 495.

*W. J. Evans* and *Stone & Stone,* for appellees.

The petition filed meets all the requirements set out
by section 2514 of Hemingway's Code.  Note the decree
of the chancellor in his finding in detail that the petition
and the showing made under the same met all these re-
quirements.  All the objectors, the appellants here, were
served with a separate summons and the only objection
worthy of any notice is that the other defendants to the
petition were not served with separate summons but
were summoned according to the requirements of the
drainage chapter under which this pending cause was
operating.  It will be obvious, of course, to the court that
while we depended then and depend now on the process
according to the drainage chapter, we went to the trouble
of having personal service on the three men who had all
along been contesting the district.  The decree of the
chancellor held the petition to be according to the re-
quirements of the law and re-established the record and
ordered an engrossed copy made of the same.

Our case can be stated almost in a single sentence;
here was a drainage district that had been organized by
the chancery court of Calhoun county, Mississippi, em-
bracing lands in Calhoun county, and Webster county,
and the law plainly providing as to process the publi-
cation of notice for two weeks in a newspaper.  When
we went to get process under the petition to re-establish
the record we find the provision in section 2514, "proc-
ess shall issue as in other cases," and the question in
this lawsuit is what construction to put on that phrase.

It is true that at the time this statute was written and
more so now, since the organization of the drainage dis-
tricts, road districts, and so many bodies provided for

by recent legislation, that there is more than one kind of process; that is, there is no set rule of process that will fit every case; and, therefore, we took the view, and this was concurred in by the chancellor in his decree, that this should properly be read "process shall issue as in other like cases." This was, let it be remembered, a pending cause under the drainage law for process such as was had under this petition, and that process was returnable to the first day of a regular term of court. We did not depend on a motion and on the well-recognized inherent power of a court of record to re-establish its papers; we did not depend entirely on the fact that this case had come back from the supreme court on a mandate, and that at the next regular term it would be on the docket for trial, if requested to be set down for a hearing; we proceeded to regularly issue the process as provided by the drainage law, the law under which this district was organized, and also we had regular summons directed to the three contestants.

We had confidence in our position and all the authorities that we are going to cite and all the rules of judicial construction, and plain common sense seems to us to unqualifiedly indorse our position, still we have found it impossible to get a case in point. We have authority that seems to us to unmistakably affirm our position but no situation exactly similar to the one we have in hand has been found by us after tedious search. Tracing this section back, see section 2293 of the Code of 1880, and *West* v. *Smith,* 65 Miss. 394, 4 So. 340.

Now this section was not brought forward in 1892 but section 2793 was enacted originally in the Code of '92 and perpetuated in section 3176 in the Code of 1906, and section 2514 of Hemingway's Code. These later statutes are practically a re-enactment of the old provision in the Code of 1880, and while they are more comprehensive in their terms generally and provide a more complete scheme, but their statement as to process is, while

not in conflict with the provision in 1880, we think not so clearly stated on its face.

We beg to call attention to *Brown* v. *McLauflin,* 45 Miss. 461, and the extensive briefs of counsel in that case followed up by the opinion of the court on this question of the power and duty of the court with regard to lost records in a pending cause. When properly considered there is nothing in the case of *Johnson* v. *Richey Land Company,* 88 So. 634, in conflict with the holding of the chancellor in the case at bar.

We earnestly submit that the action of the chancellor not only was correct but was the only method by which it was possible to restore the lost record in this pending case, and that the chancellor's decree should be affirmed.

*Creekmore & Creekmore,* for appellant in reply.

The record destroyed in this case, while it is the record of a proposed drainage district, is a record of the chancery court and that court alone could re-establish the record and process should be had in accordance with the requirements of the statute as to substituting records in the chancery court. The case of *Smith* v. *Welch,* 65 Miss. 394, cited by counsel for appellees, supports our position and not theirs.

Counsel for appellees quote at some length from the case of *Brown* v. *McLaughlin,* 45 Miss. 461, apparently for the purpose of showing that a court has the power to substitute or restore lost records. There is no controversy here as to the power of the chancery court to restore its records, but simply as to the method to be followed, and that case it seems to us has no application to the matters in dispute here.

Counsel in their construction of section 2514 as to process, argue that when the statute says the process shall be issued as in other cases that the requirement of process is to be construed to read as process in other like cases. That argument may be good under the stat-

ute of 1880, but that statute did not contain the last clause of the sentence which appears in section 2514 of Hemingway's Code. The whole requirement of the statute as to process is contained in one sentence which reads as follows: "Process shall issue as in other cases, and unknown and non-resident defendants may be made parties by publication, as in chancery."

This whole proceeding was in the chancery court and process on the petition to substitute the record did not issue as in other cases and unknown and non-residents were not made by parties by publication as in chancery.

Argued orally by *H. H. Creekmore,* for appellants and *W. I. Stone,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

The appellees filed a petition in the chancery court to re-establish the record creating the Sabougla drainage district No. 2 in Calhoun and Webster counties, alleging that they were landowners in said district, that the district was organized under the orders and decrees of the chancery court and they were appointed commissioners of said drainage district, and that the record in this cause was destroyed by fire on the 22d day of December, 1922; said record including all of the proceedings in the said cause since the year 1920 and the various orders and decrees of the said court. That the petitioners have attached to the bill a correct copy of all the records and proceedings in this cause and all the material particulars so far as they are able to ascertain, and they believe and set forth that the same covers the proceedings in this cause. That the said petitioners are interested in the restoration of the said papers and the carrying on of the said proceedings in this cause, as are also the other landowners of the said district; and for a description of the land with the names of the owners. Petitioners respectfully submit that the attached papers show the same, and they refer to the said record for

a description of the land in the Sabougla drainage district No. 2 without more extensive enumeration of the same in the petition, and praying that process be issued according to law to all parties interested, that they be commanded to appear at the next term of the honorable court, and that the record of this cause be re-established and the cause be proceeded with in due order, and for such other, further, and general relief as the nature of the case may require, and as in equity may seem meet.

The exhibit referred to in this petition is a copy of the record in this court in cause No. 23,192 of this court styled *Sabougla Drainage District No. 2* v. *R. M. Provine, J. R. Williams,* and *W. T. Bennett.* The exhibit shows that the petition for the creation of the district was filed and the lands described therein, and the notice for two weeks was published in the papers in Calhoun and Webster counties as required by the act under which the drainage district was created. That the appellees were appointed commissioners and the engineers were appointed, surveys made, etc., which were approved by the chancery court, and the drainage commissioners filed their assessment of benefits accruing to the land by the creation of the benefit, and gave notice under the statute. That thereupon the appellants came in and filed objections to the assessment made and an order was made directing the commissioners to assess the damages to the appellants.

The chancellor, in signing the order directing the commissioners to reassemble and assess the damages, granted an appeal to this court, and the record was made up and sent to this court, where a motion was made to dismiss the appeal because an appeal did not lie from such an order, which motion to dismiss was sustained. See opinion in *Sabougla Drainage District No. 2* v. *Provine et al.,* 130 Miss. 761, 94 So. 889.

It appears from the record before us that the mandate in the said appeal was dated the 19th day of May, 1923, and that the petition here under consideration was filed

on the 27th day of April, 1923, and that the records were destroyed by fire on the 22d day of December, 1922. The notice in the present suit was served personally upon the appellees and also published in two issues of the papers in each of the counties in which the said district lies. The appellant filed a motion to quash the process in the said cause: (1) On the ground that at the time the petition for the substitution of the record was filed no mandate had been sent down by the supreme court on the appeal heretofore taken in this cause, nor had such mandate been filed when publication for interested persons had been made. (2) No person is named as being interested in the reestablishment of the record, and the petition makes no effort to enumerate the persons so interested. (3) Process did not issue as in other cases in the chancery court. (4) Unknown and nonresident defendants were not made parties by publication as in chancery. (5) The publication was not made for three weeks, and the first publication was not more than twenty-one days before the first day of this court as required by law governing publications in chancery, which motion was overruled and a plea filed setting up the same grounds and setting forth certain parties who are interested and certain lands whose owners are unknown in said district; which plea was set down for hearing on its sufficiency and judged insufficient, and directing the clerk to prepare an engrossed copy of the record exhibited with said petition, and that same be filed within ninety days from the date of the decree, and same is declared to be to all intents and purposes the record in this cause, to all of which the appellants except and prayed an appeal to this court.

It is insisted by the appellants that the petition and order thereon are insufficient because the resident owners of lands embraced in the district were not all personally summoned and that the unknown and nonresident landowners were not given three weeks' notice by publication of the pending of the petition to restore the de-

stroyed records, and that three weeks' notice to the un-
known and nonresident landowners is required by sec-
tion 2514, Hemingway's Code (section 3173, Code of
1906), and that this section also requires that all the resi-
dent owners be made parties defendant and be served
with summons more than five days before the return
day of the petition. Whereas the appellees contend that
the notice given by personal summons to the defendants
who were the parties in the suit pending, the record of
which was destroyed and that the notice by publication
for the same length of time as originally required to
create the drainage district was a compliance with the
section; that the terms of the statute, "Process shall is-
sue as in other cases, and unknown and nonresident de-
fendants may be made parties by publication, as in chan-
cery," contemplate only such publication and notice as
was required in the original proceedings creating a
drainage district.

We are of the opinion that this cause is a pending
cause and that the provisions of section 2516, Heming-
way's Code (section 3175, Code of 1906), is the proper
section applicable to this suit, and as the process was
personally served on the parties litigant, each being
served with summons who were parties to the litigation,
that such process is sufficient to give the chancery court
jurisdiction to re-establish the records of such suits which
included all of the proceedings establishing the drain-
age district and appointing commissioners, etc. It is
true the process was not served on the attorneys for
these parties as it might have been done and as the stat-
ute contemplates would be done, but inasmuch as all of
the litigants were summoned and appeared in the cause
we think the court correctly decreed the records be re-
stored. This suit was clearly a pending suit in the chan-
cery court and it had jurisdiction of the petition, exhibits,
and power to restore the records.

The chancellor having reached the same conclusion, the
judgment will be affirmed.

*Affirmed.*